UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ASANTE RUSS,

                      Plaintiff,

      -against-

BRANDON REYNOLDS, Individually,
RICHARD SCARSELLA, Individually,
JEREMY NUGENT, Individually,
SCOTT SPAULDING, Individually,
DAVID SZRAMKA, Individually,
DEREK VOGENAUER, Individually, and
CHARLES GUZDEK, Individually,

                      Defendants.

----------------------------------------------------------------X

**COMPLAINT**

Docket No.:

<u>Jury Trial Demanded</u>

      Plaintiff ASANTE RUSS, by his attorneys, BRETT H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## <u>JURISDICTION</u>

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## <u>VENUE</u>

    4.    Venue is properly laid in the Western District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff ASANTE RUSS is a thirty-six-year-old man presently incarcerated at

Elmira Correctional Facility, a New York State Department of Correction and Community

Supervision (hereinafter "NYSDOCCS") prison.   At all relevant times, he was a convicted

prisoner incarcerated at Attica Correctional Facility, another NYSDOCCS prison.

7.     BRANDON REYNOLDS, RICHARD SCARSELLA, JEREMY NUGENT,

SCOTT SPAULDING, DAVID SZRAMKA, DEREK VOGENAUER, and CHARLES

GUZDEK were at all relevant times NYSDOCCS officers, and/or sergeants assigned to Attica

Correctional Facility.   In their capacities as employees and/or agents of the State of New York

serving as correction officers and/or supervisors at Attica Correctional Facility for the State of

New York and its Department of Corrections and Community Supervision, they were acting

under color of state law.

## FACTS

8.     On or about May 18, 2022, shortly after 9:00 a.m., plaintiff ASANTE RUSS was

a convicted prisoner incarcerated at Attica Correctional Facility, in Attica, New York, where he

was in prison under the care, custody, and control of NYSDOCCS.

9.     On that date and at that time, plaintiff was returning from breakfast and was in the

D-Block lobby when he was ordered to step out of line by defendant BRANDON REYNOLDS,

under the direction of defendant Sergeant JEREMY NUGENT.

2

10.     Plaintiff was ordered to place his hands on the wall for a frisk.

11.     Plaintiff complied with the order and did not engage in any conduct warranting any use of force.

12.     Despite this, and without any cause or justification, defendant REYNOLDS proceeded to use unreasonable force on plaintiff via *inter alia* slamming plaintiff to the floor, causing him to land painfully on his shoulder and, along with defendants RICHARD SCARSELLA and NUGENT, further abused plaintiff by needlessly punching him about the body and forcefully grabbing his arms to handcuff him.

13.     Plaintiff was issued a false disciplinary ticket and consequently transferred to the restrictive Special Housing Unit ("SHU").

14.     As a direct result of the actions of defendants, plaintiff sustained physical injuries including, but without limitation, upon information and belief, pain and soreness arising from being struck by officers, as well as an injury to his shoulder, and emotional distress.

15.     Despite ongoing complaints regarding his shoulder, plaintiff has not received adequate medical diagnosis or care.

16.     Defendants SCOTT SPAULDING, DAVID SZAMKA, DEREK VOGENAUER, and CHARLES GUZDEK were on the scene and witnessed the illegal or otherwise improper conduct, had an affirmative duty to intercede to stop any such misconduct by their fellow officers being committed in their presence, yet failed to intervene.

17.     Defendant Sergeant NUGENT supervised and approved of, oversaw, and otherwise participated in the aforementioned excessive force and failure to intervene.

18.     The above-described incidents resulted in plaintiff sustaining physical injuries, pain and suffering, emotional distress, and deprivation of his constitutional rights, which were

3

caused solely by the intentional conduct of the defendant NYSDOCCS officers, who, while acting in the course of their employment for NYSDOCCS, physically assaulted plaintiff.

19.     By reason of the foregoing incidents, plaintiff has sustained physical injuries, pain and suffering, as well as emotional distress and deprivation of his constitutional rights, and has consequently been damaged in an amount to be determined by a jury.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Eighth and Fourteenth Amendments - 42 U.S.C. § 1983 – Cruel and Unusual Punishment/Excessive Force)

20.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21.     All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

22.     All of the aforementioned acts deprived plaintiff ASANTE RUSS of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and NYSDOCCS, all under the supervision of ranking officers of said department.

25.    The level of force employed by defendants was excessive, objectively unreasonable, constituted cruel and unusual punishment, and was otherwise in violation of plaintiff ASANTE RUSS'S constitutional rights.

26.    As a result of the aforementioned conduct of defendants, plaintiff ASANTE RUSS sustained physical and emotional injuries.

27.    As a result of the foregoing, plaintiff ASANTE RUSS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.    Defendants SCOTT SPAULDING, DAVID SZAMKA, DEREK VOGENAUER, and CHARLES GUZDEK witnessed or otherwise knew about the above-described acts of misconduct and had an affirmative duty to intervene on behalf of plaintiff ASANTE RUSS, whose constitutional rights were being violated in their presence by other officers.

30.    The defendants failed to intervene to prevent the unlawful conduct described herein.

31.    As a result of the foregoing, plaintiff ASANTE RUSS was subjected to excessive force.

32.    As a result of the foregoing, plaintiff ASANTE RUSS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages in an

amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants, including but not limited to defendant, NUGENT personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees, and by being personally involved in and condoning the above-described misconduct.

35.     As a result of this violation, plaintiff sustained physical and emotional injuries and was deprived of his constitutional rights.

36.     As a result of the foregoing, plaintiff ASANTE RUSS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff ASANTE RUSS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
May 19, 2025

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff ASANTE RUSS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:    _Brett Klein_____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ASANTE RUSS,

                     Plaintiff,

    -against-                            Index No.:

BRANDON REYNOLDS, Individually,
RICHARD SCARSELLA, Individually,
JEREMY NUGENT, Individually,
SCOTT SPAULDING, Individually,
DAVID SZRAMKA, Individually,
DEREK VOGENAUER, Individually, and
CHARLES GUZDEK, Individually

                     Defendants.

----------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132